UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO CARRILLO SANCHEZ, | No.  1:26-cv-04480-DAD-CSK (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING MOTION TO DISMISS |
| WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, | |
| Respondent. | (Doc. Nos. 1, 2, 6) |

On June 11, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* and a motion for temporary restraining order.  (Doc. Nos. 1, 2.)  On June 12, 2026, the court set a briefing schedule on the pending motion and directed respondent to indicate in respondent's opposition whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders.  (Doc. No. 5.)  The also court directed that if respondent opposed the court ruling on the underlying combined petition based on the current briefing before it, respondent was to indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On June 15, 2026, respondent filed a combined motion to dismiss the pending petition and opposition to the motion for temporary restraining order.  (Doc. No. 6.)  In that opposition,

1

respondent argues that petitioner not entitled to release from custody or a bond hearing because he is lawfully detained pursuant to 8 U.S.C. § 1225(b) (*id.* at 2–3), an argument that the undersigned has rejected on several prior occasions. *Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondent alternatively argues that the only appropriate remedy that petitioner would be entitled to, if any, is a bond hearing because, in 2020, petitioner was arrested for driving under the influence and subsequently convicted of impaired driving. (Doc. No. 6 at 3–4.) Respondent stated no opposition to this court ruling on the petition based on the briefing presently before it, and the court will do so.

Based on the parties' briefing and documentation offered in support thereof, the court finds the following facts. Petitioner entered the United States in 2003. (Doc. No. 1 at ¶ 2.) On or about March 13, 2026, petitioner was arrested by local law enforcement at his home in Utah for public intoxication and theft. (*Id.* at ¶ 4; Doc. No. 6 at 10.) Petitioner was subsequently transferred to Immigration and Customs Enforcement custody. (Doc. No. 1 at ¶ 8.) On or about May 26, 2026, the theft and public intoxication charges brought against petitioner were dismissed. (*Id.* at ¶ 6; 23.)

Pursuant to the reasoning set forth in its prior order in *Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026), the court concludes that petitioner cannot be lawfully detained pursuant to 8 U.S.C. § 1225(b). As to respondent's contention that petitioner is entitled only to a bond hearing because of his arrest and conviction for impaired driving in 2020, the court finds this argument to be unpersuasive. Respondent has explicitly argued that petitioner is detained pursuant to § 1225(b). Respondent has not even argued that petitioner may be lawfully detained pursuant to 8 U.S.C. § 1226(a). Accordingly, the court also incorporates its reasoning set forth in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is petitioner's immediate release from custody because respondent has failed to provide an alternative statutory authority to justify petitioner's continued detention.

For the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Mauricio Carrillo Sanchez, A-File No. 221-493-975, from respondent's custody;

   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his petition for habeas relief on the merits;

3. Respondent's motion to dismiss (Doc. No. 6) is DENIED;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Processing Center; and

5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 22, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3